UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
-------------------------------------------------------------------

| | |
|---|---|
| FINCASTLE HEIGHTS MUTUAL OWNERSHIP CORP., | NOTICE OF REMOVAL |
| PLAINTIFF, | Case No. 3:24-cv-177-RGJ |
| | Jefferson Circuit Court Case No. 24-ci-1499 |
| v. | |
| IRONSHORE SPECIALTY INSURANCE COMPANY | |
| And | |
| TOWER 2, PROPERTY RISK MANAGEMENT ASSOCIATION | |
| DEFENDANTS | |

-------------------------------------------------------------------

TO: THE CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Ironshore Specialty Insurance Company ("Ironshore"), by and through its attorneys Dinsmore & Shohl LLP, hereby remove this action filed by the Plaintiff Fincastle Heights Mutual Ownership Corp. ("Fincastle" or "Plaintiff") from the Circuit Court of the Commonwealth of Kentucky, County of Jefferson, to the United States District Court, Western District of Kentucky. In support of this Notice of Removal, Ironshore respectfully states as follows:

**PROCEDURAL HISTORY AND PLAINTIFF'S ALLEGATIONS**

1. Plaintiff commenced this action on or about February 29, 2024 by filing a Summons and Complaint (the "Complaint") against the above-captioned Defendants in the Circuit Court of the Commonwealth of Kentucky, County of Jefferson, with a caption of

*Fincastle Heights Mutual Ownership Corp. v. Ironshore Specialty Insurance Company and Tower 2, Property Risk Management Association*, Case Number 24-CI-001499 (the "State Court Action"). True and complete copies of the Summons and Complaint served on Ironshore are attached as Exhibit A.

2. Plaintiff filed a return of service in the state-court action suggesting that Ironshore was served on March 6, 2024. *See* Exhibit A to this Notice of Removal.

3. Property Risk Management Association, Inc., incorrectly sued herein as Tower 2, Property Risk Management Association ("PRMA") received the complaint on March 5, 2024 by certified mail from the Jefferson Circuit Clerk.

4. The Complaint alleges causes of action for breach of contract, bad faith and violation of the Kentucky Unfair Claims Settlement Act against Defendants in connection with Plaintiff's insurance claim arising out of alleged storm property damage (the "Claim").

## VENUE IS PROPER IN THIS COURT

5. The Kentucky Circuit Court for Jefferson County is located within the United States District Court, Western District of Kentucky. Therefore, venue in this Court is proper because the State Court Action is being removed to the "district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

6. Under LR 8.1, the Western District of Kentucky's Louisville Division is the jury division in which a substantial part of the events or omissions giving rise to Plaintiff's claim occurred, or a substantial part of the property that is the subject of the action is situated.

## BASIS FOR REMOVAL

7. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between all properly joined

parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this action is removable under 28 U.S.C. § 1441(a).

### a. There is Complete Diversity Between the Parties

8. Plaintiff is a business corporation organized and existing under the laws of the Commonwealth of Kentucky, having a principal place of business at 3512 Fincastle Road, Louisville, Kentucky 40243. As such, Plaintiff is a citizen of the State of Kentucky. *See* Complaint, ¶ 1.

9. Ironshore is a corporation organized and existing under the laws of the State of Arizona, with a principal place of business located in Boston, Massachusetts. Therefore, Ironshore is a citizen of Arizona and Massachusetts.

10. Property Risk Management Association, Inc., incorrectly sued herein as Tower 2, Property Risk Management Association, is a corporation organized and existing under the laws of the State of California, with a principal place of business located in Manhattan Beach, California. Therefore, Property Risk Management Association, Inc. is a California citizen.

11. Accordingly, the citizenship of the parties is diverse.

12. In accordance with Federal Rule of Civil Procedure 7.1, Ironshore will respectfully tender a Diversity Jurisdiction Disclosure Statement simultaneous with the filing of this Notice of Removal.

### b. The Amount in Controversy Exceeds $75,000.

13. The estimate of repair, which is Exhibit 3 to the Complaint, demonstrates that Plaintiff is claiming damages in an amount in excess of $1.5 million dollars. Specifically, page 124 of Exhibit 3 to the Complaint suggests that Plaintiff seeks $1,572,503.00.

14. Given the extent of damages for the Claim set forth in the estimate of repair in the State Court Action, it is facially apparent from the Complaint that the amount in controversy exceeds the jurisdictional minimum.

15. Accordingly, the Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a) in that complete diversity exists for the following reasons: (1) There is no common citizenship between Plaintiff and any of the Defendants; and (2) the amount in controversy exceeds $75,000.

## THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

16. Plaintiff filed a proof of service in the state-court action asserting that Ironshore received Complaint and Summons on March 6, 2024.

17. Accordingly, this Notice of Removal is filed within 30 days of the first day on which Ironshore was served with any pleading, in accordance with 28 U.S.C. § 1446(b).

18. Pursuant to 28 U.S.C. § 1446(b)(2)(A), counsel for defendant PRMA has been contacted and has advised that PRMA consents to removal of this action.

19. Written notice of the filing of this Notice of Removal will be promptly served upon Plaintiff in accordance with 28 U.S.C. § 1446(d).

20. A true and correct copy of this Notice of Removal will also be promptly filed with the Clerk of the Kentucky Circuit Court for the County of Jefferson, in accordance with 28 U.S.C. § 1446(d).

**NON-WAIVER OF DEFENSES**

21. By removing this action from Kentucky Circuit Court for Jefferson County, Ironshore does not waive any available defenses nor admit any of the allegations in Plaintiff's Complaint.

**WHEREFORE**, Ironshore removes the above-captioned action from Kentucky Circuit Court for Jefferson County to the United States District Court, Western District of Kentucky.

Dated: March 14, 2024

                                                 Respectfully submitted,

/s/ Sarah D. Reddick
DINSMORE & SHOHL LLP
R. Kenyon Meyer
Sarah Reddick
101 S. Fifth Street, Suite 2500
Louisville, Kentucky 40202
Phone: 502-540-2325
Email: kenyon.meyer@dinsmore.com
Sarah.reddick@dinsmore.com

And

Costantino P. Suriano
(pro hac vice forthcoming)
MOUND COTTON WOLLAN
& GREENGRASS LLP
One New York Plaza
New York, New York 10004
Phone: 212-804-4200
Email: csuriano@moundcotton.com

*Attorneys for Defendant*
*Ironshore Specialty Insurance Company*

**Certificate of Service**

I hereby certify that a copy of the foregoing and its attachments was served via email on March 14, 2024 upon the following:

Nader Shunnarah
916 Lily Creek Road, Suite 201
Louisville, KY 40243
Shunnarahlaw@gmail.com
*Counsel for Plaintiff*

/s/ Sarah Reddick
*Attorney for Defendant*
*Ironshore Specialty Insurance Company*