UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

Civil Action No. 3:24-cv-00177-RGJ-RSE

FINCASTLE HEIGHTS MUTUAL OWNERSHIP CORP.                PLAINTIFFS

v.


IRONSHORE SPECIALTY INSURANCE COMPANY                   DEFENDANTS

And

AMWINS GLOBAL RISK LIMITED, d/b/a
AMWINS BROKERAGE OF NEW JERSEY, INC.
105 Fieldcrest Avenue,
Suite 200
Raritan Plaza III
Edison, NJ 08837

4725 Piedmont Row Drive,
Suite 600, Charlotte,
North Carolina 28210

  Serve: Counsel Legal Department
    National Fire & Marine Insurance Company
    1314 Douglas Street
    Suite 1400
    Omaha, NE 68102-1944

  Serve: Kentucky Secretary of State
    Summons Branch
    700 Capital Ave., Ste. 86
    Frankfort, KY 40601

And

INTACT INSURANCE GROUP
d/b/a Homeland Insurance Company of New York
Paralegal
150 Royall Street
Canton, MA  02021

1

605 Highway 169 North, Suite 800
Plymouth, MN 55441

Serve: Kentucky Secretary of State
Summons Branch
700 Capital Ave., Ste. 86
Frankfort, KY 40601

And

KEMAH CAPITAL, On Behalf Of
National Fire And Marine Insurance Co.
2600 South Shore Blvd.
Suite 300
League City, TX 77573

Serve: Kentucky Secretary of State
Summons Branch
700 Capital Ave., Ste. 86
Frankfort, KY 40601

And

LANDMARK AMERICAN INSURANCE COMPANY
945 East Paces Ferry Road,
Suite 1800, Atlanta, GA 30326-1160

Serve: Kentucky Secretary of State
Summons Branch
700 Capital Ave., Ste. 86
Frankfort, KY 40601

Serve:  LLOYD'S AMERICA, INC.
Attention: Legal Department
280 Park Avenue, East Tower
25th Floor
New York, New York 10017

Serve: Kentucky Secretary of State
Summons Branch
700 Capital Ave., Ste. 86
Frankfort, KY 40601

And

LLOYD'S AMERICA, INC.
d/b/a PENINSULA INSURANCE BUREAU
6065 NW 167 Street
Suite B1
Miami, Florida 33015

    Serve:  Registered Agent
          Jose A. Palacios
          6065 NW 167 Street, B1
          Miami, Florida 33015

    Serve: Kentucky Secretary of State
          Summons Branch
          700 Capital Ave., Ste. 86
          Frankfort, KY 40601

And

RSUI GROUP, INC., on behalf of
LANDMARK AMERICAN INSURANCE CO.
945 East Paces Ferry Road
Suite 1800
Atlanta, GA 30326-1160

    Serve: Senior Claims Officer
          945 East Paces Ferry Road
          Suite 1800
          Atlanta, GA 30326-1160

    Serve: Corporation Service Company
          421 West Main Street
          Frankfort, Kentucky 40601

## COMPLAINT
(*Filed Electronically*)

Comes the Plaintiff, Fincastle Heights Mutual Ownership Corp. (hereafter referred to as "Fincastle Heights") and for its Complaint against the Defendants, Ironshore Specialty Insurance Company (hereafter referred to as "Ironshore"); Amwins Global Risk Limited d/b/a Amwins Brokerage of New Jersey, Inc., (hereafter referred to as "Amwins"); Intact Insurance Group,

(hereafter referred to "Intact"); Kemah Capital, (hereafter refered to as "Kemah");  Landmark American Insurance Co.:  Lloyds America, Inc., d/b/a Peninsula Insurance Bureau; and RSUI Group, Inc., (hereafter referred to as "RSUI"), hereby states as follows:

1. Plaintiff, Fincastle Heights is now and has been at all pertinent times a Non-Profit Corporation, registered to conduct business in Kentucky.  Fincastle Heights is in the business of managing and operating the Fincastle properties made up of multiple residential units located at 3512 Fincastle Rd., Louisville, KY 40243.  Its residence and domicile is Louisville, Jefferson County, Kentucky.

2. Defendant, Amwin, is now and has been at all pertinent times a For-Profit Corporation, that is not registered with the Kentucky Secretary of State nor the Kentucky Insurance Commission, and therefore is not registered to conduct business in Kentucky.  Amwins, is in the business of selling commercial insurance policies to protect real property. Its principal place of business is Charlotte, North Carolina

3. Defendant, Intact is now and has been at all pertinent times a For-Profit Corporation, that is not registered with the Kentucky Secretary of State nor the Kentucky Insurance Commission, and therefore is not registered to conduct business in Kentucky.  Intact, is in the business of selling commercial insurance policies to protect real property. Its principal place of business is Plymouth, Minnesota.

4. Defendant, Kemah is now and has been at all pertinent times a For-Profit Corporation, that is not registered with the Kentucky Secretary of State nor the Kentucky Insurance Commission, and therefore is not registered to conduct business in Kentucky.  Kemah, is in the business of selling commercial insurance policies to protect real property. Its principal place of business is League City, Texas.

5. Defendant, Landmark is now and has been at all pertinent times a For-Profit Corporation, that is not registered with the Kentucky Secretary of State nor the Kentucky Insurance Commission, and therefore is not registered to conduct business in Kentucky. Landmark, is in the business of selling commercial insurance policies to protect real property. Its principal place of business is Atlanta, Georgia.

6. Defendant, Lloyds America, Inc. d/b/a/ Peninsula Insurance Co. is now and has been at all pertinent times a For-Profit Corporation, that is not registered with the Kentucky Secretary of State nor the Kentucky Insurance Commission, and therefore is not registered to conduct business in Kentucky. Lloyds, is in the business of selling commercial insurance policies to protect real property. Its principal place of business is Miami, Florida.

7. Defendant, RSUI, is now and has been at all pertinent times a For-Profit Corporation, registered to conduct business in Kentucky. RSUI is in the business of selling commercial insurance policies to protect real property, motor vehicles, and other assets. Its principal place of business is Atlanta, GA.

## JURISDICTION AND VENUE

8. Jurisdiction is proper in this court pursuant to Title 28 U.S.C. Section 1332(a) Diversity Jurisdiction of the parties and the amount in controversy exceeds $75,000.00 dollars.

9. That Venue is found under Title 28 U.S.C. Section 1391(a).

## STATEMENT OF FACTS

10. Plaintiff brings this action for storm property damage insured by a policy issued to Plaintiff by Defendants.

11. Plaintiff purchased several commercial insurance policies with Defendants. Each Defendant provides a percent of coverate to Plaintiff's property.

12. Plaintiff suffered damage to multiple of its units as a result of a storm that occurred on or about March 3, 2023. Copies of photos of the damage are attached hereto and designated **EXHIBIT 2**. A copy of the estimate of repair is attached hereto and designated **EXHIBIT 3**.

13. Plaintiff filed a claim timely with Defendants. Defendant Ironshore only paid a portion of the claim but has denied providing paying full policy benefits. The other Defendants have denied the balance of the claim and failed and refused to pay pursuant to the policies.

14. Ironshore sent a claims representative who took photographs and, from all information and belief, prepared an appraisal of the loss, harm, and damage to the property. Defendants has also provided an engineer's report.

15. Plaintiff paid all premiums for the policy. Prior to filing suit, Plaintiff had complied with all condition precedents in order to comply with the policy terms, including but not by limitation, timely filing a claim, preparation of an estimate of damage, producing documentation of the loss, and providing full access to the property.

16. From all information and belief, the Defendants have denied the unpaid amount of the claim without cause.

17. Defendants have violated the terms of their policy.

18. Prior to filing suit, Plaintiff complied with all conditions precedent in accordance with the policy terms including, but not by limitation:
    a. Timely filing a claim and notifying Defendants and the authorities;
    b. Prepared an estimate of damage and an itemized list;

    c. Produced documentation of the loss;

    d. Obtaining photos of the damage; and

    e. Submitting Proof of Loss.

19. The liability of Defendants is reasonably clear and beyond dispute according to its Policies with Plaintiff.

20. The Defendants have acted with malicious, intentional, and reckless conduct when handling Plaintiff's claim. Defendants forced Plaintiff to initiate litigation to recover amounts due under the insurance policies. Furthermore, Defendants took almost one year to investigate Plaintiff's claim and failed to produce a reasonable estimate of loss. Defendants made no attempt to pay the full proceeds from the insurance company. Defendants failed and refused to make any reasonable attempt to settle the full claim.

## COUNT 1
## BREACH OF CONTRACT

21. Plaintiff incorporates herein by reference the averments in the preceding paragraphs of this Complaint.

22. As a result of the storm damage, Plaintiff suffered loss, harm and damage.

23. Defendants are liable to pay for the loss, harm, and damage pursuant to their policy of insurance. Defendants have refused to make any payment and continue to refuse and fail to make any payment.

24. Defendants' investigation has taken almost one year. Plaintiff filed this action to preserve its right pursuant to the policy and relevant statute of limitations. Defendants are obligated to pay under the terms of the policy, lack a reasonable basis in law or fact for denying the claim, and either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed.

25. As a direct and proximate cause of Defendants' breach of insurance policy, Plaintiff has suffered loss, harm, and damage that exceeds the jurisdictional prerequisite of Circuit Court, the specific amount to be proven at trial.

COUNT 2
BAD FAITH

26. Plaintiff incorporates herein by reference the averments in the preceding paragraphs of this Complaint.

27. Defendants are obligated to pay under the terms of the policy, has a lack of any reasonable basis in law or fact for denying the claim, and either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed.

28. As a direct and proximate cause of Defendants' common law bad faith, Plaintiff has suffered loss, harm, and damage that exceeds the jurisdictional prerequisite of Circuit Court, the specific amount to be proven at trial.

29. Furthermore, Defendants' conduct was so willful, wanton, and malicious to entitle Plaintiff to punitive damages in an amount that exceeds the jurisdictional prerequisite of circuit court, the specific amount to be proven at trial.

COUNT 3
VIOLATION OF THE KENTUCKY UNFAIR
CLAIMS SETTLEMENT ACT

30. Plaintiff incorporates herein by reference the averments in the preceding paragraphs of this Complaint.

31. Defendants have violated KRS 304.12-230, titled Unfair Claims Settlement Practices and commonly known as the Unfair Claims Settlement Act as follows:

    a) Defendants violated section (1) of the statute by misrepresenting insurance policy provisions relating to coverage when they refused to pay for the loss, harm and/or

damage.

b) Defendants violated section (2) of the act by failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under the insurance policy.

c) Defendants violated section (3) of the statute by failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.

d) Defendants violated section (4) of the statute by refusing to pay claims without conducting a reasonable investigation based upon all available information;

e) Defendants violated section (5) of the statute by denying coverage of claims within a reasonable time after proof of loss statements were completed and reasonable investigation upon all available information was performed.

f) Defendants violated section (6) of the statute by not attempting in good faith to promptly settle in a fair and equitable manner the claims in which liability has become reasonably clear.

g) Defendants violated section (7) of the statute by compelling Plaintiff, their insured, to institute litigation to recover amounts due under an insurance policy when Defendants offered substantially less than the amounts ultimately recovered in actions brought by the Plaintiff.

h) Defendants violated section (8) of the statute by attempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled by reference to written or printed advertising material accompanying or made in part of an application when Defendants paid less than Plaintiff's insurance policy dictated.

    i) Defendants violated section (12) by delaying the investigation or payment of claims by requiring the insured to submit a preliminary claim report and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information.

    j) Defendants violated section (13) of the statute by failing to promptly settle claims where the liability in this claim was reasonably clear during the investigation in order to influence settlements under other portions of their policy.

    k) Defendants violated section (14) of the statute by failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

    l) Defendants violated section (15) of the statute by failing to comply with the decision of an independent review entity, the public appraiser, to provide coverage for Plaintiff as a result of an external review.

32. As a direct and proximate cause of Defendants' violation of the Kentucky Unfair Settlement Act, Plaintiff has suffered loss, harm, and damages that exceed the jurisdictional prerequisite of Circuit Court, the specific amount to be proven at trial.

33. Furthermore, Defendants' conduct was so willful, wanton, and malicious to entitle Plaintiff to punitive damages in an amount that exceeds the jurisdictional prerequisite of circuit court, the specific amount to be proven at trial.

34. Plaintiff demands prejudgment interest.

35. In addition, Plaintiff is entitled to recover its costs and reasonable attorney fees.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

1. Judgment against Defendants for compensatory damages in an amount that satisfies the jurisdictional prerequisite of circuit court, the specific amount to be proven at trial.

2. Judgment against the Defendants for punitive damages in an amount which exceeds the jurisdictional prerequisite of circuit court, the specific amount to be proven at trial.

3. For Plaintiff's costs herein expended;

4. For prejudgment interest;

5. For Plaintiff's reasonable and necessary attorney's fees;

6. For leave of Court to amend this First Amended Complaint to conform to the evidence; and

7. For any and all other relief to which this Court may find Plaintiff entitled.

        Respectfully submitted,

        *s/ Nader George Shunnarah*
        NADER GEORGE SHUNNARAH
        Shunnarah Law Office
        916 Lily Creek Road
        Suite 201
        Louisville, KY 40243
        T: (502) 200-9000
        F: (844) 927-4560
        E: shunnarahlaw@gmail.com
        *Counsel for Plaintiff*